IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| CLEARVIEW BUILDERS, INC., | : | BANKRUPTCY NO.: 5-05-bk-50857-JJT |
| and | : | |
| DENNIS SLAYTON, | : | {**Nature of Proceeding**: Renewed Motion |
| | : | for Partial Summary Judgment (Doc. #937)} |
| DEBTORS | : | |

# OPINION[1]

Certain Orders entered on a docket may have repercussions that are not evident even to the Court, which has signed the Order. Such is the case of the language of a default Order entered in an adversary proceeding filed within the above-captioned bankruptcy case. The language of the Order, which has now impacted minimally two adversaries filed to the above-captioned case and an objection to a proof of claim, reads as follows.[2]

> AND NOW, upon consideration of the Trustee's Motion for Default Judgment against Defendants Dennis Slayton, Clearview Real Estate, Inc., Clearview Properties, Inc., Clearview Custom Homes, Inc., Omni Properties, Inc., Omni Home Builders, Inc., Omni Home, Inc., and Phoenix Soils, L.L.C., it is hereby
> ORDERED and DECREED, that the Motion for Default Judgment is granted, and further, that default judgment is entered in favor of the Plaintiff and against the Defendants Dennis Slayton, Clearview Real Estate, Inc., Clearview Properties, Inc., Clearview Custom Homes, Inc., Omni Properties, Inc., Omni Home Builders, Inc., Omni Home, Inc., and Phoenix Soils, L.L.C., and it is further
> *ORDERED and DECREED that the real and personal property of the Defendants, Dennis Slayton, Clearview Real Estate, Inc., Clearview Properties, Inc., Clearview Custom Homes, Inc., Omni Properties, Inc., Omni Home Builders, Inc., Omni Home, Inc., and Phoenix Soils, L.L.C.,*

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] Adversary numbers 5-07-ap-50044 and 5-06-ap-50160. Objection to Proof of Claim at Doc. #868.

*along with their just debts, are hereby incorporated into the Debtor's Chapter 7 bankruptcy, to be administered by the Chapter 7 Trustee.*
Order of Court filed to Adversary No. 5-06-ap-50060-JJT at Doc. #55.

Apart from the obvious impact that the Order had against the Defendants listed in that Order, the italicized language played a central role in the Court's granting of a summary judgment filed by the Defendant in Adversary number 5-07-ap-50044-JJT [William G. Schwab, Trustee vs. Shelly Enterprises, Inc.]. Without going into great detail, the Court determined that the allegations of the Shelly Complaint were brought under the piercing of the corporate veil theory and fraudulent conveyance counts under both state and federal law. The Court further determined that what the Complaint did not do was request that the Defendants be deemed Debtors and that they be consolidated into the Clearview bankruptcy. The Court concluded that the above-referenced default Order did not transform Mr. Slayton into a bankruptcy Debtor.

Fast forward now to the underlying Objection to Proof of Claim filed by John P. Karoly, Jr. and Karoly Law Offices and a renewed Motion for Summary Judgment. The Motion asserts that judgment as a matter of law should be entered in Karoly's favor on the singular issue of whether Dennis Slayton is not a Debtor. This, once again, calls into play the meaning of the italicized language of the above-referenced default Order. This issue has been extensively briefed and argued at the time of the hearing by the parties. In considering the arguments of the parties and the testimony and evidence submitted at the time of the hearing on the underlying objection to the proof of claim, including the deposition transcript of Mr. John P. Karoly admitted into evidence as Exhibit C-4 together with attachments, I am not swayed to change my earlier finding that Mr. Slayton

is not a Debtor in bankruptcy. Nevertheless, I further find that his assets and liabilities come into the Clearview estate consistent with my Opinion in the Schwab vs. Shelly adversary at 5-07-ap-50044-JJT. It would be inappropriate to bring in assets of Mr. Slayton without his liabilities. It would be unfair to permit Mr. Slayton's debts, unless he was an alter ego of Clearview Builders, as a claim against Debtor's property. It would not be un-equitable, however, to allow Mr. Slayton's debts to be a legitimate claim against Mr. Slayton's property. To the extent Mr. Slayton's debts exceed his property, those debts would be equitably subordinated, and it would be appropriate to put those debts behind the just debts of the Debtor, Clearview Builders, Inc. I make the same findings in regard to Phoenix Soils, L.L.C. Based upon these findings, I grant the renewed Motion for Partial Summary Judgment on the discrete issue as to whether Mr. Slayton is a Debtor in this case.

Despite the Motion for Partial Summary Judgment pending before this Court, the parties went to hearing on the underlying objection to the proof of claim. In addition to the deposition transcript admitted into evidence by the claimant, the Court heard live testimony from Dennis Slayton, Tory Warner, and James Heidecker. After consideration of all the oral and written evidence submitted at the time of trial, I can conclude that the claimant, in fact, does have a claim against Mr. Slayton for legal fees incurred by way of various representations in both the civil and criminal matters involving Mr. Slayton. Determining the exact amount of that claim may be premature at this point. The representative counsel for the Trustee could not, with any precision, represent to the Court the total amount of claims against the Clearview Builders, Inc. estate, vis-a-vis,

assets that would be available from that Debtor for distribution to its creditors. Consistent with my holding above on the Motion for Partial Summary Judgment and the reasoning to support that holding, the Court cannot determine the extent of the assets and liabilities of the estates of either Mr. Slayton or Clearview Builders, Inc. based upon the record. It may very well be that neither estate will be impacted by the other. Therefore, I will not make a ruling at this point concerning the amount of claim that the claimant has against Mr. Slayton. Should the further administration of the Clearview Builders, Inc. estate be impacted by a determination of the exact amount of the claimant's claim against Mr. Slayton, then the Court will revisit this issue and make that determination. The Court will, therefore, put any further consideration of the amount of claim in abeyance.

      My Order will follow.

By the Court,

*[signature]*

Date: September 18, 2012

John J. Thomas, Bankruptcy Judge

(CMS)